ACCELERATED JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Defendant E'yen Carnail pleaded guilty to two counts of rape and stipulated that he was a sexual predator. This was his second guilty plea, and was substantially similar to the first guilty plea, which the court vacated. In this appeal, defendant claims his guilty pleas were involuntary because he did not understand the full implication of stipulating to the sexual predator classification and the court did not have a factual basis for accepting the stipulation.
The assignments of error are without merit for the reason that a stipulation to a sexual predator classification is automatic and relieves the court of any need to conduct a hearing. See State v. Bolton(Feb. 24, 2000), Cuyahoga App. No. 75865, unreported; State v. Wiggins (Aug. 23, 2001), Cuyahoga App. No. 78598, unreported.
We also summarily reject defendant's pro se contentions that the court lacked jurisdiction to proceed because he did not validly waive his right to a jury trial. A guilty plea waives the right to a jury trial. See Crim.R. 11(C)(2)(c); see, also, Martin v. Maxwell (1963), 175 Ohio St. 147
(The provisions of Section 2945.05, Revised Code, requiring the filing of a written waiver of a trial by jury are not applicable where a plea of guilty is entered by an accused.). The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.